# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ALONZO JAMES OATES

vs.                                         5:09CV303/RS/MD

JACKSON COUNTY SHERIFF'S OFFICE

## REPORT AND RECOMMENDATION

This matter is before the court upon the motion to dismiss filed by defendant Jackson County Sheriff's Office (doc. 10). Plaintiff was directed to respond to this motion on November 16, 2009 (doc. 11). He filed a motion for extension of time that was docketed and granted, despite the fact that it did not contain either a certificate of service or a proper caption (doc. 13 & 14). He was advised that future deficient pleadings would be returned without consideration by the court. After the time period for the requested extension elapsed, plaintiff filed another deficient request for a 30 day extension, again stating his intent to obtain counsel. This request did not bear a signed certificate of service or a proper signature block, with signature, so it was returned to plaintiff without ruling on January 15, 2010. Plaintiff was advised that he could resubmit the document after the deficiencies were corrected, but he has failed to do so. Therefore, the time for filing a response has elapsed without plaintiff filing any opposition to the defendant's motion. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant's motion should be granted.

Plaintiff sues the Jackson County Sheriff's Office ("JCSO") contending that it discriminated against him in that he was terminated on the basis of his race. He alleges that he was both denied training when he began his employment with JCSO and terminated on account of his race. The basis for plaintiff's believe is that after he was fired he learned that "several other black deputies experienced similar problems" with the defendant. Plaintiff filed his case on September 4, 2009, and on the complaint indicates that the EEOC issued a Notice of Right to Sue dated June 5, 2009, although the Right to Sue letter is not attached.

The defendant moves to dismiss the complaint, contending that JCSO is not a legal entity capable of being sued. It also contends that the allegations of the complaint are insufficient to support a claim of race discrimination under Title VII as there are no specific facts alleged which would support a disparate treatment claim.

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Sinaltrainal v. Coca-Cola Co.*, 2009 WL 2431463 (11th Cir. 2009). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *LeFrere v.* Quezada, 582 F.3d 1260,

1263 (11th Cir. 2009)*; Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Defendant first alleges that the plaintiff improperly named the Jackson County Sheriff's Office as a party to this action, because it is well-settled that a sheriff's office is not a legal entity that may be sued. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed.R.Civ .P. 17(b)). In Florida, there is no such legal entity as the "Jackson County Sheriff's Office." Under Florida law, there are constitutionally created political subdivisions called "counties" and separately created constitutional officers, including a sheriff. Fla. Const. art. VIII, §§ 1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Office" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office or Department given authority to be sued in such a name. See *Bethel v. Escambia County Sheriff's Office*, 2006 WL 3709621 (N.D. Fla. 2006) (*citing Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH, Doc. 10 at 3 (N.D.Fla. July 14, 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); *Turner v. Bieluch*, No. 9:03cv81059, Doc. 12 (S.D . Fla.2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be sued); *Erickson v. Hunter*, 1996 WL 427769, at * 1 (M.D.Fla. Apr. 10, 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); *Jones v. Collier County Sheriff's Dep't*, 1996 WL 172989 (M.D.Fla. Apr. 9, 1996) (concluding that Collier County Sheriff's Office is not a legal entity and therefore cannot be sued)). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. See *Hobbs*, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Thus, plaintiff's claims against the JCSO must be dismissed.

Defendant also alleges that plaintiff has failed to state a claim of race discrimination. Title VII of the Civil Rights Act of 1964 makes it unlawful for an

employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race..." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may use direct or circumstantial evidence to prove his claim. *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 585, 127 S.Ct. 1955, 1982, 167 L.Ed.2d 929 (2007); *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2358, 174 L.Ed.2d 119 (2009); *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008). "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001). To establish a claim through circumstantial evidence, the plaintiff must show that he was a member of a protected class, that the was subject to an adverse employment action, that he was qualified to do the job, that his employer treated similarly situated employees outside the protected class differently. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *cf. Denney*, 247 F.3d at 1183; *see also Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999) (citing *Holified v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984)). It is on the last portion of this test that plaintiff's claim fails. His statement that he "learned that several other black deputies experienced similar problems" with the defendant hints at a claim based upon circumstantial evidence but is insufficiently detailed to support a disparate impact claim, even had plaintiff named the proper defendant.

Based on the foregoing, it is respectfully RECOMMENDED:
The defendant's motion to dismiss (doc. 10) be granted, and the plaintiff's claims against the Jackson County Sheriff's Office be dismissed with prejudice.

At Pensacola, Florida, this 1st day of February, 2010.



**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**